UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLY CRUZ,                                    :
                                               :
                          Plaintiff,           :            13-cv-2223 (NSR)
        -against-                              :
                                               :            MEMORANDUM OPINION
THE ANSWER GROUP, INC.,                        :            AND ORDER
                                               :
                                               :
                          Defendants.          :
-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Willy Cruz ("Plaintiff" or "Cruz") commenced the instant action against The

Answer Group, Inc. ("Defendant" or "The Answer Group"), seeking unpaid overtime, liquidated

damages, and attorneys' fees and costs for alleged violations of the Fair Labor Standards Act

("FLSA"), amended, 29 U.S.C. §§201 et. Seq. and New York Labor Law ("NYLL").

        Defendant now moves pursuant to Rule 12(b)(6) to dismiss the claims against it for

failure to state a claim upon which relief may be granted. For the following reasons, Defendant's

motion to dismiss is denied.

## I. FACTUAL BACKGROUND[1]

        Plaintiff, a former employee of The Answer Group, Inc., filed this putative class action

pursuant to the FLSA and NYLL to recover unpaid overtime compensation, liquidated damages

and attorney's fees and costs. Am. Compl. ¶¶ 1, 2. The Answer Group is a business that provides

snack and beverage vending machine services in the tri-state area.

        On or about October 1, 2005, Defendant's manager, Mr. Howard, hired Cruz to work as a

stock clerk/quality control inspector for their inventory warehouse. Am. Compl. ¶¶ 9, 10. Cruz

---

[1] The following facts are taken from allegations in the Amended Complaint and documents incorporated by
reference therein.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/14

and Mr. Howard agreed that Cruz would work Monday through Friday, 40 hours a week, and would be paid $400.00 per week. *Id.* ¶ 11. Defendant would pay Mr. Cruz $300 by check and $100 in cash in an attempt to underreport his wages and hours of work. *Id.* ¶ 12. However, since October of 2005, Cruz worked approximately 60 hours or more every week, without any additional pay for the time exceeding the expected 40 hours a week. *Id.* ¶ 13. Cruz alleges that his workday would begin at 5:00 a.m. and he would work approximately 12 hours every day from Monday through Friday. *Id.* ¶ 14. Cruz complained about the uncompensated additional hours to Mr. Howard and other managers but was told that he could accept the $400 or leave. *Id.* ¶¶ 15-17. He was also told to punch out before he finished his workday so that the recorded number of hours worked in a week did not exceed forty. *Id.* ¶ 19.

Around June of 2010, Cruz threatened to report the company to the Department of Labor. *Id.* ¶¶ 21-22. Subsequently, Cruz's pay was increased to $600 per week, but he continued to work more than 40 hours without additional pay. *Id.* ¶ 23. Cruz remained working approximately 11 hours a day, 5 days a week. *Id.* ¶ 24. Cruz continued to demand compensation for his overtime hours, but Defendant kept refusing to pay and threatened him with termination if he kept insisting. *Id.* ¶¶ 26-27. On November 21, 2012, Cruz was terminated and never received additional compensation for any of the hours worked beyond 40. *Id.* ¶¶ 28-29.

Plaintiff commenced the instant action on April 4, 2013. Def.'s Mot. Ex. F. At the pre-motion conference of August 14, 2013, this Court granted Plaintiff leave to file an amended complaint, addressing Defendant's objections, on or before September 13, 2013. *Id.* Plaintiff failed to file the amended complaint by the Court's deadline. Instead, Plaintiff brought the First Amended Complaint to the Court Clerk on September 16, 2013 by hand, not electronically. *Id.* The Court accepted the First Amended Complaint for filing, and the clerk filed it electronically

2

on September 25, 2013. *Id.* Defendant timely submitted its Motion to Dismiss on December 3, 2013.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When determining the plausibility of a complaint, "[i]n addition to allegations in the complaint itself, the Court may consider documents attached as exhibits and documents incorporated by reference in the complaint." *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 223 (S.D.N.Y. 2013) (citing *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011);

3

*Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008)).

## I.   <u>The First Amended Complaint Governs</u>

Defendant wastes numerous pages contending that Plaintiff's failure to adhere to the

Court's deadline to amend should bar the Amended Complaint. Here, Plaintiff filed the First

Amended Complaint on the business day following the deadline, Monday, September 16, 2013.

On that same day, Plaintiff sent a copy of the Amended Complaint to defense counsel via email

and followed up with a phone call explaining that he was experiencing problems accessing his

ECF account on Friday and instead filed on Monday. *See*, Castillo Affirmation ¶¶ 4-6. This

Court already accepted Plaintiff's First Amended Complaint for filing, rendering Defendant's

arguments moot. "Mere delay . . . absent a showing of bad faith or undue prejudice, does not

provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843,

856 (2d Cir. 1981)). The Court accepted Plaintiff's technical difficulties with his ECF account as

a good faith reason for his delay. Plaintiff's delay of one business day is not sufficient to cause

undue prejudice.

## II.   <u>FLSA and NYLL Unpaid Overtime Claims</u>

Cruz's claims under the FLSA and the NYLL in this case are the same. Plaintiff alleges

that The Answer Group did not pay him for hours worked overtime during the entire

employment period. The provision of the FLSA governing overtime compensation provides that

"no employer shall employ any of his employees . . . for a workweek longer than forty hours

unless such employee receives compensation for his employment in excess of the hours above

specified at a rate not less than one and one-half times the regular rate at which he is employed."

4

29 U.S.C. § 207(a)(1). Under recent Second Circuit precedent, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (under *Lundy*, the complaint lacked any allegation that plaintiffs were scheduled to work forty hours or more in a given week); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (plaintiff merely repeated the language of the FLSA without estimating her hours in any or all weeks or providing any other factual context or content). Defendant argues that pursuant to *Lundy* and its progeny, Plaintiff has failed to meet the pleading requirements to state a valid FLSA overtime claim. Specifically, Defendant argues that the Amended Complaint lacks the required degree of specificity because it "fails to identify *a single workweek* in which [Plaintiff] worked for the Defendant at least forty hours and also worked uncompensated time in excess of forty hours for the Defendant." Def. Mem. at 3 (emphasis added).

Defendant's reliance on *Lundy* and its progeny is unavailing as to the plausibility of Plaintiff's allegations. The three controlling Second Circuit cases emphasize that an FLSA overtime claim must plausibly allege work in excess of forty hours and the accompanying failure to pay overtime in a given workweek. "This formulation suggests that there should be sufficient factual allegations in the Amended Complaint . . . whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos v. Acad. Bus, LLC*, No. 13-cv-565(AJN), 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014) (slip opinion); *see also Nakahata*, 723 F.3d at 201 (noting that the pleading

standard requires "sufficient detail about the length and frequency of [a plaintiff's] unpaid work
to support a reasonable inference that they worked more than forty hours in a given week").

In *Lundy*, the court affirmed the dismissal of three plaintiffs' FLSA overtime claims
because they did not allege "a single workweek in which they worked at least 40 hours and also
worked uncompensated time in excess of 40 hours." *Lundy*, 711 F.3d at 114. One plaintiff, for
instance, said she typically worked three shifts totaling 37.5 hours per week and occasionally
worked an additional 12.5 hour shift. *Id.* Her complaint failed because she did not demonstrate
that she was ever denied overtime pay in a week when she worked this additional shift, where
her total hours would have exceeded forty. *Id.* Following *Lundy*, the Second Circuit affirmed
dismissals of FLSA overtime claims in *Nakahata*, reasoning that the complaint lacked "any
allegation that Plaintiffs were scheduled to work forty hours in a given week," 723 F.3d at 201 -
and in *DeJesus* - concluding that the plaintiff having worked more than forty hours a week in
"some or all weeks" left her complaint "devoid of any numbers to consider beyond those plucked
from the [FLSA]," *DeJesus*, 726 F.3d at 89. The *DeJesus* court, in its reasoning, stated further
that the allegations in *Lundy* "failed because of arithmetic: tallying the plausible factual
allegations, [the court] could not get beyond forty hours in any given week, and therefore to a
plausible claim for overtime." *Id.* at 88-89.

Measured alongside the arithmetic in *Lundy* and its progeny, the Amended Complaint's
allegations support a plausible claim for overtime. Plaintiff allegedly worked 60 hours every
week since the start of his employment with Defendant until June 2010. His workday would start
at 5:00 a.m. and he worked approximately 12-hour days from Monday through Friday. Although
Plaintiff's weekly pay was increased in June 2010, he allegedly continued to work 11-hour days,

6

5 days a week, for a total of 55-hour workweeks without additional overtime compensation

through November 2012. Thus, Plaintiff alleges he worked in excess of forty hours without any

overtime pay each week during the entire employment period. According to Plaintiff, the "instant

complaint provides a description of the duties of Plaintiff, the hire and fire dates, the

compensation paid, the wages received, and increases in pay, how the violations occurred, and

even an approximation of the hours worked weekly over forty." Pl. Mem. at 3. Accordingly, the

Amended Complaint's allegations demonstrate that Plaintiff gets beyond the forty-hour

requirement for every week he worked for Defendant. *See, e.g.*, *Perry v. City of New York*, No.

13 Civ. 1015(JMF), 2013 WL 6641893, at *3 (S.D.N.Y. Dec. 17, 2013) (finding that plaintiffs

who worked uncompensated time on a daily basis every week of the year stated a cognizable

FLSA overtime claim); *Cruz v. Rose Assocs., LLC*, No. 13 Civ. 0112(JPO), 2013 WL 1387018,

at *3 n.2 (S.D.N.Y. Apr. 5, 2013) (denying motion to dismiss where plaintiff alleged regular

work in excess of forty hours per week). Plaintiff has successfully pled a plausible FLSA

overtime claim under the requirements of *Lundy* and its progeny. In light of the fact that "[t]he

relevant portions of New York Labor Law do not diverge from the requirements of the FLSA,"

our conclusions [above] about the FLSA allegations "appl[y] equally to [the NYLL] state law

claims." *DeJesus*, 726 F.3d at n.5 (internal citations omitted).

It should be noted that "[t]he statute of limitations to bring an FLSA claim is two years,

but if an FLSA violation is found to be 'willful,' a three-year limitations period applies." *Kim v.

SUK Inc.*, 12 Civ. 1557(ALC), 2014 WL 842646, at *7 (S.D.N.Y. Mar. 4, 2014) (citing 29

U.S.C. § 255(a)). Assuming, *arguendo*, that Defendant's actions were willful, given that the

employment ended on November 21, 2012, and this action commenced on April 4, 2013, only

the time period between April 4, 2010, and November 21, 2012, would be actionable. As

7

Defendant does not assert that previous weeks are barred by the statute of limitations, the Court should not discuss the limitations period at this time. This defense must be asserted in the answer or it will be waived. *See* Fed .R. Civ. P. 8(c)(1); *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F.Supp.2d 682, 709 (S.D.N.Y. 2012) (quoting *Travelers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1993). Plaintiff has alleged that every week during his employment he worked in excess of forty hours without additional overtime pay. Thus, Plaintiff has pled uncompensated overtime in workweeks within the FLSA statute of limitations period.

## V. CONCLUSION

Plaintiff has been able to present enough factual support behind his allegations to satisfy the required plausibility standard for his FLSA and NYLL unpaid overtime claims. Plaintiff's Amended Complaint establishes uncompensated overtime for every week of the employment period. For the stated reasons, Defendant's motion to dismiss is DENIED.

Defendant is given 21 days to file an answer, which is due April 28, 2014.

The Clerk of Court is respectfully requested to terminate the motion (Doc. 13).


Dated: April 7, 2014                            SO ORDERED:
       White Plains, New York

                                        _____
                                        NELSON S. ROMÁN
                                        United States District Judge